1    Robert M. Pattison (State Bar No. 103528)
     Rebecca Benhuri (State Bar No. 209443)
2    JACKSON LEWIS P.C.
     50 California Street, 9th Floor
3    San Francisco, California  94111-4615
     Telephone:  (415) 394-9400
4    Facsimile:  (415) 394-9401
     E-mail:  pattisonr@jacksonlewis.com
5    E-mail:  rebecca.benhuri@jacksonlewis.com

6    Attorneys for Defendants
     eRESEARCHTECHNOLOGY, INC. and ERT
7    SERVICES, INC.

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11
     NANCY SACK,                          | Case No.  _____
12
                    Plaintiff,            | **NOTICE OF REMOVAL OF ACTION**
13                                        | **UNDER 28 U.S.C. § 1441(b)**
            v.
14                                        | **[28 U.S.C. §1441(a) and (b) - Diversity of**
     eRESEARCH TECHNOLOGY, INC., ERT      | **Citizenship Jurisdiction]**
15   SERVICES, INC., INVIVODATA, INC. and
     DOES 1 through 50,                   | Superior Court of California, San Francisco
16                                        | County, Case No. CGC-13-536178
                    Defendants.
17

18
                                          | State Complaint Filed: 12/16/13
19                                        | Trial Date:          None Set

20

21        TO  THE  CLERK  OF  THE  UNITED  STATES  DISTRICT  COURT  FOR  THE

22   NORTHERN DISTRICT OF CALIFORNIA, AND ALL PARTIES AND THEIR COUNSEL:

23        PLEASE TAKE NOTICE that Defendants eRESEARCHTECHNOLOGY, INC. and ERT

24   SERVICES, INC. ("Defendants") hereby remove to this Court the California state court action

25   described below.

26        1.     On December 16, 2013, Plaintiff Nancy Sack ("Plaintiff") filed a Complaint

27   against Defendants eResearchTechnology, Inc., ERT Services, Inc. and Invivodata, Inc.,

28   captioned Nancy Sack, Plaintiff v. eResearch Technology, Inc., ERT Services, Inc., Invivodata,

                                     1
     NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT      Case No.  _

1  Inc. and and DOES 1 through 50 , Defendants, in the California Superior Court for the County of

2  San Francisco, Unlimited Jurisdiction, Case No. CGC-13-536178 ("Complaint").   Plaintiff's

3  Complaint contains the following causes of action: (1) willful failure to pay wages in violation of

4  Labor Code sections 201 and 203, and (2) breach of written employment contract/commission

5  plans.

6          2.      On December 17, 2013, Plaintiff served Defendants eResearchTechnology, Inc.

7  and ERT Services, Inc., through their authorized agent for service of process in California, a copy

8  of the Summons, Complaint, ADR Packet, and Notice of Case Management Conference (Civil).

9  True and correct copies of these documents are attached hereto collectively as Exhibit A.

10         3.      On January 16, 2014, Defendants filed an Answer to Plaintiff's Unverified

11  Complaint, a true and correct copy of which is attached as Exhibit B.

12         4.      This is a civil action of which this Court has original jurisdiction under 28 U.S.C.

13  §1332(a) and is one that may be removed to this Court by Defendant pursuant to 28 U.S.C.

14  §1441(a) and (b) because it is a civil action between citizens of different states and the matter in

15  controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs.

16         5.      Defendants are informed and believe Plaintiff was at the time she filed this action

17  and still is a citizen and resident of the State of California as alleged in paragraph 1 of the

18  Complaint.

19         6.      As acknowledged by Plaintiff in paragraphs 2 and 3 of the Complaint, Defendant

20  eResearchTechnology, Inc. and Defendant ERT Services, Inc. are presently citizens of Delaware

21  and Pennsylvania and were so at the time Plaintiff filed her Complaint.  A corporate defendant

22  "shall be deemed to be a citizen of any State by which it has been incorporated and of the State

23  where it has its principal place of business …" 28 U.S.C. § 1331(c)(1).  Both at the time Plaintiff

24  filed her Complaint in the Superior Court of California, San Francisco County, and at the time

25  Defendants move this Court for removal of the action, Defendants eResearchTechnology, Inc.

26  and ERT Services, Inc. were and are incorporated under the laws of the State of Delaware.

27  Defendants eResearchTechnology, Inc. and ERT Services, Inc. principal places of business

28  currently are, and were at the time Plaintiff filed her Complaint, in Philadelphia, Pennsylvania.

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT      Case No. _

Although Defendants eResearchTechnology, Inc. and ERT Services, Inc. do business throughout the continental United States, they control their nationwide operations from Pennsylvania where their headquarters and corporate and administrative offices are located. The majority of Defendants eResearchTechnology, Inc. and ERT Services, Inc.'s corporate and administrative functions are performed in Pennsylvania. See paragraph 2 of the Declaration of Gary Mitcheltree ("Mitcheltree Decl.") filed simultaneously herewith.

7.     The presence of Defendant Invivodata, Inc. in the Complaint has no bearing on diversity with respect to removal because Invivodata, Inc. is no longer an active corporation. See Mitcheltree Decl., ¶ 5.   As of January 1, 2014, Defendant eResearchTechnology, Inc.'s acquisition of Invivodata, Inc. was complete and Invivodata, Inc. ceased to exist as a separate corporation. Id. Moreover, prior to the acquisition, Invivodata, Inc. was incorporated under the laws of the State of Delaware, with its principal place of business in Pittsburgh, Pennsylvania, not in California as inaccurately pled in paragraph 4 of the Complaint. See Mitcheltree Decl., ¶ 6.

8.     The presence of "Doe" defendants in the Complaint has no bearing on diversity with respect to removal. 28 U.S.C. § 1441(a).

9.     On January 22, 2014, Defendants eResearchTechnology, Inc. and ERT Services, Inc. served a Request for Statement of Damages on Plaintiff.  See Exhibit A to Declaration of Rebecca Benhuri ("Benhuri Decl."), filed simultaneously herewith. On February 14, 2014, Plaintiff served a Statement of Damages, listing the following alleged damages in this action: (1) Unpaid earned commissions from sales made in 2011, 2012 and 2013 exceeding $176,000; (2) Interest at 10% per annum, in unknown amount, estimated at approximately $6,220 to $17,671; (3) Penalties pursuant to Labor Code § 203 of $78,000; (4) Costs of suit, $771 to date and increasing; (5) Attorney's fees of $14,400 to date and increasing. See Exhibit B to Benhuri Decl.

10.     Without conceding that Plaintiff is entitled to damages or could recover damages in any amount whatsoever, the amount in controversy in this action exceeds $75,000. 28 U.S.C. §1332(a). Where a plaintiff's state court complaint is silent as to the amount of damages claimed, the removing defendant need only establish that it is more probable than not that plaintiff's claim exceeds the jurisdictional minimum. Sanchez v. Monumental Life Ins. Co., 95 F.3d 856, 860-861

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT     Case No. _

1  (9th Cir. 1996).  Here, it is more probable than not that the amount in controversy exceeds the

2  sum of $75,000, exclusive of interest and costs, for the following reasons:

3          a.      The Complaint alleges Plaintiff was employed as Senior Account Director,

4                  and entered into sales commission contracts with Defendants, which she

5                  alleges were breached by Defendants. Plaintiff claims she was not paid

6                  commissions due to her and has suffered damages caused therefrom.

7                  (Complaint, ¶¶ 10-40 and prayer for relief.)

8          b.      Plaintiff's prayer for relief seeks unpaid wages, commissions and penalties

9                  including waiting time penalties pursuant to Labor Code § 203, attorney's

10                 fees and costs, and interest and "such other relief as the court may deem

11                 just and proper." (Complaint, prayer for relief ¶¶ 1-4)

12         c.      Plaintiff was employed by Defendants (or their predecessor Invivodata,

13                 Inc.) from September 7, 2010 to October 8, 2012.  Plaintiff's annual base

14                 salary during her employment with Defendant was $120,000.  (Complaint,

15                 ¶ 13)  Additionally, Plaintiff was eligible to receive commissions based on

16                 written commission plans she entered into with Defendants (or their

17                 predecessor Invivodata, Inc.). (Complaint, ¶¶ 13-27)

18         d.      Plaintiff alleges in her Statement of Damages that she is entitled to earned

19                 unpaid commissions exceeding $176,000, plus 10% interest per annum

20                 (totaling approximately $6,220 to $17,671), penalties pursuant to Labor

21                 Code § 203 of $78,000; and attorney's fees and costs of $15,171 to date

22                 and increasing.  See Exhibit B to Benhuri Decl.

23         e.      Based on these facts alone, Plaintiff's claimed lost wages and commissions

24                 certainly exceed $75,000.

25      11.     In determining whether the amount in controversy exceeds $75,000, the Court

26  must presume the plaintiff will prevail on each and every one of her claims.  Kenneth Rothschild

27  Trust v. Morgan Stanley Dean Witter, 199 F.Supp.2nd 993, 1001 (C.D. Cal. 2002), citing, Burns

28  v. Windsor Ins. Co., 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis

4

1   presumes that "plaintiff prevails on liability") and <u>Angus v. Shiley Inc.</u>, 989 F.2d 142, 146 (3d

2   Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim,

3   but rather by reasonable reading of the value of the rights being litigated").  The argument and

4   facts set forth herein may appropriately be considered in determining whether the jurisdictional

5   amount in controversy is satisfied.  <u>Cohn v. Petsmart, Inc.</u>, 281 F.3d 837, 843, n.1, (9th Cir.

6   2002).

7       12.    The amount in controversy may include general and special compensatory

8   damages and attorney's fees which are recoverable by statute.  <u>Galt G/S v. JSS Scandinavia</u>, 142

9   F.3d 1150, 1155-1156 (9th Cir. 1998).  The Court may examine the nature of the action and the

10  relief sought, and take judicial notice of attorneys' fee awards in similar cases.  <u>See</u>, <u>e.g.</u>,

11  <u>Simmons v. PCR Technology</u>, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (attorneys' fees in

12  individual employment discrimination cases often exceed damages).

13      13.    Cases in the Ninth Circuit firmly establish that statutory attorneys' fees will be

14  included as a basis for determining the jurisdictional amount in controversy.  <u>See</u> <u>Galt G/S</u>, supra,

15  142 F.3d at 1155-56.  Furthermore, such fees are calculable beyond the time of removal.

16  <u>Simmons</u>, supra, 209 F.Supp.2d at 1035.

17      14.    For all the reasons set forth above, it cannot be said to a legal certainty that

18  Plaintiff would not be entitled to recover the jurisdictional amount.  <u>Anthony v. Security Pacific</u>

19  <u>Financial Services, Inc.</u>, 75 F.3d 311, 315 (7th Cir. 1996); <u>Watson v. Blankinship</u>, 20 F.3d 383,

20  386-387 (10th Cir. 1994).  Therefore, the alleged claims, damages and fees requested in

21  Plaintiff's Complaint satisfy the amount in controversy requirement under 28 U.S.C. §1332(a).

22      15.    This Notice of Removal has been filed within the time frame provided by 28

23  U.S.C. §1446(b), because it was filed within 30 days after service on Defendants of information

24  by Plaintiff establishing the amount in controversy is over $75,000.

25      16.    Venue lies in the United States District Court for the Northern District of

26  California pursuant to 28 U.S.C. §§1441(a) and 1391(a) because the state court action was filed in

27  San Francisco County, a county within this district, and this is the judicial district in which the

28  action arose.  Defendants reserve, however, the right to seek transfer to a different United States

1     District Court for the convenience of parties or witnesses.

2        17.    For all the foregoing reasons, this Court has original jurisdiction of this matter

3 under 28 U.S.C. §§1332(a) and 1441(b).

4        WHEREFORE, Defendants eResearchTechnology, Inc. and ERT Services, Inc. pray the

5 above action now pending against it in the Superior Court of the State of California for the

6 County of San Francisco be removed to this Court.

7

8 Dated: February 25, 2014          JACKSON LEWIS P.C.

9

10                 By:

11                      Robert M. Pattison
                     Rebecca Benhuri

12                      Attorneys for Defendant
                     eRESEARCHTECHNOLOGY, INC.

13

14

15 4836-9931-9831, v. 1

16

17

18

19

20

21

22

23

24

25

26

27

28

6

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ERESEARCHTECHNOLOGY, INC., ERT SERVICES, INC.,
INVIVODATA, INC. and DOES 1 through 50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
NANCY SACK

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>Civic Center Courthouse<br>400 McAllister Street, San Francisco, CA 94102 | CASE NUMBER:<br>*(Número del Caso):*<br>13 - 5 3 6 1 7 8 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert S. Aaron    (Bar # 138903)
Aaron & Wilson, LLP
150 Post Street, Suite 400, San Francisco, CA 94108

Fax No.: (415) 438-7808
Phone No.: (415) 438-7800

| DATE:<br>*(Fecha)* DEC 1 6 2013 | CLERK OF THE COURT | Clerk, by<br>*(Secretario)* _____ | , Deputy<br>*(Adjunto)*<br>DENNIS TOYAMA |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>*LexisNexis® Automated California Judicial Council Forms* |
|---|---|---|

ROBERT S. AARON (SBN 138903)
TIMOTHY C. WILSON (SBN 173928)
AARON & WILSON, LLP
150 Post Street, Suite 400
San Francisco, California 94108
Telephone:    (415) 438-7800
Facsimile:    (415) 438-7808
Email:        rsaaron@aaron-wilson.com
Email:        tcwilson@aaron-wilson.com

Attorneys for Plaintiff
NANCY SACK

**F I L E D**

San Francisco County Superior Court

DEC 1 6 2013

CLERK OF THE COURT
BY: _____ DENNIS TOYAMA
                        Deputy Clerk

## SUPERIOR COURT - STATE OF CALIFORNIA

## COUNTY OF SAN FRANCISCO - UNLIMITED JURISDICTION

NANCY SACK,

        Plaintiff,

    v.

ERESEARCHTECHNOLOGY, INC., ERT
SERVICES, INC., INVIVODATA, INC.
and DOES 1 through 50,

        Defendants.

Case No. **C G C - 1 3 - 5 3 6 1 7 8**

**COMPLAINT FOR DAMAGES**
1)  **Failure to Pay Wages in Violation of Labor Code sections 201 and 203**
2)  **Breach of Written Employment Contract/Commission Plans**

Complaint Filed:        December 13, 2013

        Plaintiff NANCY SACK hereby complains against ERESEARCHTECHNOLOGY, INC. ("ERT"), ERT SERVICES, INC. ("ERT SERVICES"), INVIVODATA, INC. (invivo") and DOES 1 through 50, (hereinafter collectively "defendants" or "ERT/invivo") and alleges as follows:

### PARTIES

        1.    Plaintiff NANCY SACK ("plaintiff" or "SACK") is a natural person residing in the County of San Francisco, State of California.

        2.    Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, defendant ERESEARCHTECHNOLOGY, INC. was a foreign corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the City

1

Complaint

**Complaint for Damages**

1    of Philadelphia, State of Pennsylvania.

2       3.      Plaintiff is informed and believes, and thereon alleges, that at all times relevant

3    herein, defendant ERT SERVICES, INC. was a foreign corporation organized and existing under

4    the laws of the State of Delaware, with its principal place of business in the City of Philadelphia,

5    State of Pennsylvania.

6       4.      Plaintiff is informed and believes, and thereon alleges, that at all times relevant

7    herein, defendant INVIVODATA, INC. was a foreign corporation organized and existing under

8    the laws of the State of Delaware, with its principal place of business in the City of Scotts

9    Valley, County of Santa Cruz, State of California.

10      5.      Plaintiff is ignorant of the true names and capacities of defendants sued herein as

11   DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names.

12   Plaintiff will amend this complaint to allege their true names and capacities when they have been

13   ascertained.

14      6.      Plaintiff is informed and believes, and thereon alleges, that each defendant sued

15   herein as DOES 1 through 50, inclusive, was acting as the agent or employee of each of the other

16   defendants, and in doing the acts alleged herein, was acting within the course and scope of such

17   agency and/or employment, and/or aided, abetted, cooperated with, and/or conspired with one

18   another to do the acts alleged herein.

19      7.      Plaintiff is informed and believes, and thereon alleges, that at all times relevant

20   herein, each of the defendants was the owner, agent, servant, subsidiary, joint venturer,

21   consultant, associate, employee and/or partner of each of the remaining defendants, and in doing

22   or failing to do the things herein alleged, was acting within the course and scope of his, her or its

23   authority as such owner, agent, servant, subsidiary, joint venturer, consultant, associate,

24   employee and/or partner with the permission, consent and approval of the other defendants.

25                                   **JURISDICTION**

26      8.      Plaintiff is informed and believes, and thereon alleges, that at all times relevant

27   herein, defendants, and each of them, were residents of and/or doing business in the State of

28   California such that the exercise of jurisdiction by this court would not be inconsistent with the

Complaint                                          2

**Complaint for Damages**

1  Constitution of the State of California and/or the United States of America.

2  **VENUE**

3  9.      Venue in the County of San Francisco is proper in that some, if not all, of the

4  wrongful acts alleged herein occurred within the County of San Francisco.

5  **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

6  10.     SACK was originally an employee of invivo and remained as such until sometime

7  in 2013.

8  11.     SACK is informed and believes, and thereon alleges, that in and around 2012,

9  ERT, ERT SERVICES and/or DOES 1 through 50 acquired invivo in some manner; however,

10  she has no knowledge as to the nature of the acquisition, e.g., whether it was an asset-only

11  purchase, stock purchase, etc.; what became of the entity previously known as invivo after the

12  acquisition; the nature of the relationship between the acquiring parties, ERT, ERT SERVICES

13  and/or DOES 1 THROUGH 50; and the relationship between herself and the acquiring-entities,

14  thereafter except to state that following the acquisition, she was an employee of an ERT-related

15  entity, be it ERT, ERT SERVICES, DOES 1 THROUGH 50 and/or some combination thereof.

16  12.     SACK will amend the complaint, if necessary, to reflect any newly acquired

17  information subsequent to the filing of this complaint.

18  13.     SACK commenced her second stint of employment at invivo on or about October

19  5, 2010 pursuant to a written contract of employment dated September 7, 2010.  Invivo hired her

20  into the position of Senior Account Director with an annual salary was $120,000.  Invivo also

21  agreed to pay SACK commission based upon the amount of revenue she generated pursuant to

22  the terms and conditions of commission plans adopted from time to time.

23  14.     Upon commencing her second stint of employment at invivo, SACK was

24  immediately placed on a written commission plan – the 2010 Commission Plan – setting her

25  sales quotas and commission rates.  Commission was set as a function of two variables: 1) the

26  margin of sale, i.e., low, target or high; and 2) the percent of annual quota, measured quarterly,

27  represented by the sale.  Commission was than calculated as a specified percentage of the sale

28  amount.  Commission was to be paid as follows: 20% when the contract was booked, 20% when

Complaint

3

**Complaint for Damages**

the SOW, i.e., Scope of Work, was signed and the remaining 60% monthly over the life of the contract as payment was received from the invoices generated. Commission was considered "earned" when money was collected from the customer by invivo and the employee was required to be in good standing on the invivo payroll at the time of invoicing in order to earn a commission. This written commission plan remained in effect until on or about March 1, 2011.

15.     While the 2010 Commission Plan was in full force and effect, SACK sold various products earning her commission. These commissions have been paid in full.

16.     On or about March 1, 2011, SACK executed the 2011 Commission Plan. Commission was modified to reflect a differentiation between ePRO Direct, PRO Consulting Direct and 3rd Party Services. Annual quotas were established and the commission rate was adjusted downward by a small amount. Commission payout was also adjusted as follows: 30% when the SOW, i.e., Scope of Work, was signed and first invoice issued, 9% monthly for the next three months, and the remaining 43% to be paid over the projected life of the contract in equal installments. Commission was still considered "earned" when money was collected from the customer by invivo and the employee was required to be in good standing on the invivo payroll at the time of invoicing in order to earn a commission. This written commission plan remained in effect until on or about May 1, 2012.

17.     While the 2011 Commission Plan was in full force and effect, SACK sold various products earning her commission. In each of these instances, SACK was the procuring cause of the sale.

18.     SACK is informed and believes and thereon alleges that prior to October 8, 2013, the date her employment was involuntarily terminated, the vast majority, if not all, the invoicing had been sent to the various customers to whom she sold and earned commission, the vast majority, if not all, monies owed pursuant to these invoices had been collected from the customers; and essentially all duties necessary to complete the sale had long since been performed.

19.     Notwithstanding the foregoing, and the involuntary termination of SACK on or about October 8, 2013, there remains unpaid a significant portion of the commission earned by

1   SACK under the 2011 Commission Plan.

2   20.   On or about May 1, 2012, SACK executed the 2012 Commission Plan.

3   Commission was modified to reflect sales limited to eSolutions Direct only, and the commission

4   rates were adjusted slightly upwards.  Commission was to be paid as in 2011, i.e., 30% when the

5   SOW, i.e., Scope of Work, was signed and first invoice issued, 9% monthly for the next three

6   months, and the remaining 43% to be paid over the projected life of the contract in equal

7   installments.  Commission was considered "earned" when money was collected from the

8   customer by invivo and the employee was required to be in good standing on the invivo payroll

9   at the time of invoicing and payment in order to earn a commission.  This written commission

10   plan remained in effect until on or about July 26, 2013, or after, depending upon the

11   enforceability of the 2013 Commission Plan (see below).

12   21.   While the 2012 Commission Plan was in full force and effect, SACK sold various

13   products earning her commission.  In each of these instances, SACK was the procuring cause of

14   the sale.

15   22.   SACK is informed and believes and thereon alleges that prior to October 8, 2013,

16   the date her employment was involuntarily terminated, the vast majority, if not all, the invoicing

17   had been sent to the various customers to whom she sold and earned commission, the vast

18   majority, if not all, monies owed pursuant to these invoices had been collected from the

19   customers; and essentially all duties necessary to complete the sale had long since been

20   performed.

21   23.   Notwithstanding the foregoing, and the involuntary termination of SACK on or

22   about October 8, 2013, there remains unpaid a significant portion of the commission earned by

23   SACK under the 2012 Commission Plan.

24   24.   On or about July 26, 2013, SACK executed the 2013 Commission Plan.  This was

25   the first commission plan executed after the ERT-related entities acquired invivo.  Although the

26   same general scheme was used, i.e., commission was set as a function of two variables: 1) the

27   margin of sale, i.e., low, target or high; and 2) the percent of annual quota, measured quarterly,

28   represented by the sale, the amount of commission was significantly reduced.  SACK is informed

Complaint

5

and believes, and thereon alleges, that the 2013 Commission Plan contained unlawful forfeiture provisions relative to earned commissions. SACK requested that the unlawful forfeiture provision be removed and refused to sign the 2013 Commission Plan until the unlawful forfeiture provision was removed. The ERT-related entities refused to pay the quarterly bonus already earned by SACK and threatened to withhold previously earned commissions from inviviop unless she executed the 2013 Commission Plan with the unlawful forfeiture provision contained therein. By reason of this action and threat, SACK believed she had no choice but to execute the 2013 Commission Plan, which she did, under protest, on or about July 26, 2013.

25.     On and after July 26, 2013, SACK sold various products earning her commission. In each of these instances, SACK was the procuring cause of the sale.

26.     SACK is informed and believes and thereon alleges that prior to October 8, 2013, the date her employment was involuntarily terminated, the vast majority, if not all, the invoicing had been sent to the various customers to whom she sold and earned commission, the vast majority, if not all, monies owed pursuant to these invoices had been collected from the customers; and essentially all duties necessary to complete the sale had been performed.

27.     Notwithstanding the foregoing, and the involuntary termination of SACK on or about October 8, 2013, there remains unpaid a significant portion of the commission earned by SACK on or after July 26, 2013.

### FIRST CAUSE OF ACTION
### WILLFUL FAILURE TO PAY WAGES
### IN VIOLATION OF LABOR CODE SECTIONS 201 AND 203
(Alleged Against All Defendants)

28.     Plaintiff re-alleges paragraphs 1 through 27, inclusive, and by this reference, fully incorporates into this cause of action, each of the allegations contained therein.

29.     At all times herein mentioned, the prompt payment of wages due an employee was a fundamental public policy of the State of California, and any contract purporting to effectuate a waiver of an employee's right to the prompt payment of wages would be contrary to public policy and therefore unlawful.

30.     At all times herein mentioned, Labor Code section 201 provided:

**Complaint for Damages**

If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately. . . .

(Lab. Code § 201.)

31.    At all times herein mentioned, Labor Code section 203 provided:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, . . . any wages of an employee who is discharged. . ., the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days. . . .

Suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise.

(Lab. Code § 203.)

32.    SACK was involuntarily terminated on October 8, 2013.

33.    At the time of her termination, SACK had earned, and was therefore owed commission under the 2011 Commission Plan, 2012 Commission Plan and the 2013 Commission Plan in an amount in excess of the jurisdictional minimum of this court.

34.    Plaintiff is informed and believes, and thereon alleges, that ERT/invivo's failure to pay her the commissions owed was and remains willful in that ERT/invivo maintains a spreadsheet of commissions owed to SACK that were earned, but as yet unpaid on the date she was involuntarily terminated, yet refused and continues to refuse to pay these earned commissions to SACK.

35.    ERT/invivo therefore owes SACK her unpaid wages, i.e., commissions earned under the 2011 Commission Plan, 2012 Commission Plan and 2013 Commission Plan, plus an additional 30 days of continuation wages pursuant to Labor Code section 203.

WHEREFORE, plaintiff prays judgment against defendants, and each of them, as hereafter set forth.

**SECOND CAUSE OF ACTION**
**BREACH OF WRITTEN EMPLOYMENT CONTRACT/COMMISSION PLANS**
(Alleged Against All Defendants)

36.    Plaintiff re-alleges paragraphs 1 through 35, inclusive, and by this reference, fully incorporates into this cause of action, each of the allegations contained therein.

Complaint

7

**Complaint for Damages**

37.     ERT/invivo breached the terms of the 2011 Commission Plan, 2012 Commission Plan and 2013 Commission Plan by failing to pay the commissions earned by SACK thereunder.

38.     SACK has performed all conditions required of her by the employment contract and the various commission plans referenced herein except those which have been excused and/or waived by ERT/invivo's words, acts and/or inaction, those which ERT/invivo is estopped from asserting by reason of the same, those which ERT/invivo prevented SACK from performing and/or those which were impossible and/or impracticable to perform.

39.     SACK is informed and believe, and thereon alleges, that the 2013 Commission Plan was unconscionable, procedurally, substantively and/or otherwise, by reason of the presence of unlawful forfeiture provisions and the coercive and threatening manner by which SACK's signature was obtained, thereby rendering it unenforceable, and the 2012 Commission Plan in full force and effect in its stead.

40.     As a direct and proximate result of ERT/invivos' breach of the employment contract and the various commission plans referenced herein, SACK has sustained damage by way of the non-payment of commissions and wages in an amount according to proof at trial.

WHEREFORE, plaintiff prays judgment against defendants, and each of them, as hereafter set forth.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues triable by a jury.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as follows:

1.     For a judgment awarding plaintiff unpaid wages, commissions and penalties including, but not limited to, those set forth in Labor Code section 203 in an amount according to proof at trial;

2.     For reasonable attorney's fees as allowed by law including, but not limited to Labor Code section 218.5;

3.     For interest and cost of suit as allowed by law including, but not limited to Labor

8

1   Code sections 218.5 and 218.6; and

2       4.      For such other and further relief as the court may deem just and proper.

3   Dated:  December 16, 2013                AARON & WILSON, LLP

4

5                                           By

6                                           ROBERT S. AARON
                                            Attorneys for Plaintiff
7                                           NANCY SACK

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint

9

**Complaint for Damages**

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, Sta number, and address):* | FOR COURT USE ONLY |
|---|---|

ROBERT S. AARON   (Bar # 138903)
Aaron & Wilson, LLP
150 Post Street, Suite 400
San Francisco, CA 94108
TELEPHONE NO.: (415) 438-7800     FAX NO.: (415) 438-7808
ATTORNEY FOR *(Name):* NANCY SACK, Plaintiff

**FILED**
San Francisco County Superior Court
DEC 16 2013
CLERK OF THE COURT
BY: ~~DENNIS TOYAMA~~
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
NANCY SACK v. ERESEARCHTECHNOLOGY, INC. et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CGC-13-536178 JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* TWO (2)
5. This case [ ] is [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: December 16, 2013

ROBERT S. AARON
_____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std 3.10
www.courtinfo.ca.gov
*LexisNexis® Automated California Judicial Council Forms*

 

**Superior Court of California, County of San Francisco**
**Alternative Dispute Resolution**
**Program Information Package**

> The plaintiff must serve a copy of the ADR Information package
> on each defendant along with the complaint. (CRC 3.221(c))

## WHAT IS ADR?

Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial. There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences. In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to court.

## WHY CHOOSE ADR?

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial." (Local Rule 4)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.** The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.** For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

## HOW DO I PARTICIPATE IN ADR?

Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet) at the clerk's office located at 400 McAllister Street, Room 103;
- Indicating your ADR preference on the Case Management Statement (also attached to this packet); or
- Contacting the court's ADR office (see below) or the Bar Association of San Francisco's ADR Services at 415-982-1600 or www.sfbar.org/adr for more information.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA   94102
415-551-3876

*Or, visit the court ADR website at www.sfsuperiorcourt.org*

ADR-1  07/12 (ja)                                          Page 1

The San Francisco Superior Court currently offers three ADR programs for general civil matters; each program is described below:

## 1) EARLY SETTLEMENT CONFERENCES

The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute.

**(A) THE BAR ASSOCIATION OF SAN FRANCISCO (BASF) EARLY SETTLEMENT PROGRAM (ESP):** This program, provided in conjunction with the court, pairs parties with a two-member volunteer attorney panel. The panels are comprised of one plaintiff and one defense attorney, each with at least 10 years of trial experience. On occasion, a panelist with extensive experience in both plaintiff and defense roles serves as a sole panelist.

**Operation:** The settlement conference typically occurs 2 to 3 months prior to the trial date. BASF informs the participants of the conference date well in advance and provides the names of the panelists and location of the conference approximately 2 weeks prior to the conference. Panelists provide at **no cost** up to 2 hours of their time at each conference, and many panelists provide additional time at no cost if a settlement is imminent. A conference typically begins with a brief meeting with all parties and their attorneys during which each side presents an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of their cases, utilizing private meetings as appropriate. If a case does not settle during the first two hours, parties have the option to hire the panelists to continue the conference.

**Cost:** BASF charges an administrative fee of $250 per party. For information on fees for cases involving multiple parties, please contact BASF. Parties who meet certain eligibility requirements may request a waiver of the fee. For more information, please contact BASF's ESP Coordinator at 415-782-9000 ext. 8717 or visit www.sfbar.org/esp.

**(B) COURT SETTLEMENT CONFERENCE:** Parties may elect to apply to the Presiding Judge's department for a specially-set mandatory settlement conference. See Local Rule 5.0 for further instructions. Upon approval of the Presiding Judge, the court will schedule the conference and assign the case for a settlement conference.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement, before incurring the expense of going to court, that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law. A mediator strives to bring the parties to a mutually beneficial settlement of the dispute.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO,** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending.

**Operation:** A mediator provides at **no cost** one hour of preparation time and two hours of mediation time.  After those three hours, if the case is not resolved, parties have the option to continue the process and pay the mediator at his or her regular hourly rate.  BASF pre-screens all mediators based upon strict educational and experience requirements.  Parties may select a specific mediator or BASF will help the parties make a selection.  The BASF website contains photographs, biographies, and videos of the mediators as well as testimonials to assist with the selection process.

**Cost:** BASF charges an administrative fee of $250 per party.  For information on fees for cases involving multiple parties, please contact BASF.  The hourly mediator fee beyond the first three hours will vary depending on the mediator selected.  Parties who meet certain eligibility requirements may request a waiver of the fee. For more information, please contact BASF's Mediation Coordinator at 415-782-9000 ext. 8787 or visit  www.sfbar.org/mediation.

**(B) PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private mediation.  Parties may elect any private mediator or mediation organization of their choice; the selection and coordination of private mediation is the responsibility of the parties.  Parties may find mediators and organizations on the Internet.  The cost of private mediation will very depending on the mediator selected.

## 3)  ARBITRATION

An arbitrator is neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony.  The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

**(A) JUDICIAL ARBITRATION:** When the court orders a case to arbitration it is called "judicial arbitration".  The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial.

**Operation:** Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.)  A case is ordered to arbitration after the Case Management Conference.  An arbitrator is chosen from the court's Arbitration Panel.  Arbitrations are generally held between 7 and 9 months after a complaint has been filed.  Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision.  Any party may request a trial within 30 days after the arbitrator's award has been filed.

Local Rule 4.2 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after the filing of a complaint.  If settlement is not reached through mediation, a case proceeds to trial as scheduled.

**Cost:** There is no cost to the parties for judicial arbitration.

**(B) PRIVATE ARBITRATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration.  Here, the parties voluntarily consent to arbitration.  If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision.  In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: <br> ATTORNEY FOR (Name): | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO <br> 400 McAllister Street <br> San Francisco, CA 94102-4514 | |
| PLAINTIFF/PETITIONER: <br><br> DEFENDANT/RESPONDENT: | |
| **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: <br><br> DEPARTMENT 610 |

**1)**   The parties hereby stipulate that this action shall be submitted to the following ADR process:

☐   **Early Settlement Program of the Bar Association of San Francisco (BASF)** - Pre-screened experienced attorneys provide a minimum of 2 hours of settlement conference time for a BASF administrative fee of $250 per party. Waivers are available to those who qualify. BASF handles notification to all parties, conflict checks with the panelists, and full case management.  www.sfbar.org/esp

☐   **Mediation Services of BASF** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $250 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐   **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐   **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org

☐   **Other ADR process (describe)** _____

**2)**   The parties agree that the ADR Process shall be completed by (date): _____

**3)**   Plaintiff(s) and Defendant(s) further agree as follows:

_____

_____

_____

| | |
|---|---|
| Name of Party Stipulating | Name of Party Stipulating |
| Name of Party or Attorney Executing Stipulation | Name of Party or Attorney Executing Stipulation |
| Signature of Party or Attorney | Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | ☐ Plaintiff ☐ Defendant ☐ Cross-defendant |
| Dated: _____ | Dated: _____ |

☐   *Additional signature(s) attached*

ADR-2  07/12              **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

CASE NUMBER: CGC-13-536178  NANCY SACK VS. ERESEARCHTECHNOLOGY, INC. et al

## <u>NOTICE TO PLAINTIFF</u>

A Case Management Conference is set for:

| | |
|---|---|
| **DATE:** | **MAY-21-2014** |
| **TIME:** | **10:30AM** |
| **PLACE:** | **Department 610** |
| | **400 McAllister Street** |
| | **San Francisco, CA  94102-3680** |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### <u>ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS</u>

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**
(SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:                          FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
    STREET ADDRESS:
    MAILING ADDRESS:
    CITY AND ZIP CODE:
    BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|

*(Check one):*  ☐ **UNLIMITED CASE**          ☐ **LIMITED CASE**
               (Amount demanded                    (Amount demanded is $25,000
               exceeds $25,000)                       or less)

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:                          Time:                    Dept.:                Div.:                    Room:

Address of court *(if different from the address above):*

☐  Notice of Intent to Appear by Telephone,  by *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1.  **Party or parties** *(answer one):*
    a.  ☐  This statement is submitted by party *(name):*
    b.  ☐  This statement is submitted jointly by parties *(names):*

2.  **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
    a.  The complaint was filed on *(date):*
    b.  ☐  The cross-complaint, if any, was filed on *(date):*

3.  **Service** *(to be answered by plaintiffs and cross-complainants only)*
    a.  ☐  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
    b.  ☐  The following parties named in the complaint or cross-complaint
        (1)  ☐  have not been served *(specify names and explain why not):*

        (2)  ☐  have been served but have not appeared and have not been dismissed *(specify names):*

        (3)  ☐  have had a default entered against them *(specify names):*

    c.  ☐  The following additional parties may be added *(specify names, nature of involvement in case, and date by which
        they may be served):*

4.  **Description of case**
    a.  Type of case in  ☐  complaint          ☐  cross-complaint          *(Describe, including causes of action):*

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Page 1 of 5
Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
   The party or parties request ☐ a jury trial ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one):*
   a. ☐ days *(specify number):*
   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:
   e. E-mail address:
   ☐ Additional representation is described in Attachment 8.

   f. Fax number:
   g. Party represented:

9. **Preference**
   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
    a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
       (1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
       (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
    b. **Referral to judicial arbitration or civil action mediation** *(if available).*
       (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
       (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
       (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form are willing to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Page 3 of 5

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | |

**11. Insurance**
    a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
    b. Reservation of rights: ☐ Yes ☐ No
    c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
    Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
    ☐ Bankruptcy ☐ Other *(specify):*
    Status:

**13. Related cases, consolidation, and coordination**
    a. ☐ There are companion, underlying, or related cases.
        (1) Name of case:
        (2) Name of court:
        (3) Case number:
        (4) Status:
        ☐ Additional cases are described in Attachment 13a.
    b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
    ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
    a. ☐ The party or parties have completed all discovery.
    b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
| --- | --- | --- |

    c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

|  | | CM-110 |
|---|---|---|
| PLAINTIFF/PETITIONER: | CASE NUMBER: | |
| DEFENDANT/RESPONDENT: | | |

**17. Economic litigation**
    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.
    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**
    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**
    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20.** Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

CM-110 [Rev. July 1, 2011]      **CASE MANAGEMENT STATEMENT**      Page 5 of 5

# EXHIBIT B





1  Robert M. Pattison (State Bar No. 103528)
   Rebecca Benhuri (State Bar No. 209443)
2  JACKSON LEWIS P.C.
   50 California Street, 9th Floor
3  San Francisco, California  94111-4615
   Telephone:  (415) 394-9400
4  Facsimile:  (415) 394-9401
   E-mail:  pattisonr@jacksonlewis.com
5  E-mail:  rebecca.benhuri@jacksonlewis.com

6  Attorneys for Defendants
   eRESEARCH TECHNOLOGY, INC. and ERT
7  SERVICES, INC.

8                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                           COUNTY OF SAN FRANCISCO

10

11 | NANCY SACK,                              | Case No. CGC-13-536178
12 |          Plaintiff,                      | **DEFENDANTS ERESEARCH TECHNOLOGY, INC. AND ERT SERVICES, INC.'S ANSWER TO UNVERIFIED COMPLAINT**
13 |     v.                                   |
14 |                                          |
15 | eRESEARCH TECHNOLOGY, INC. ERT SERVICES, INC., INVIVODATA, INC. and DOES 1 through 50, | Complaint Filed:  December 16, 2103
16 |                                          | Trial Date:        None Set
   |          Defendants.                     |
17

18      Defendants eResearch Technology, Inc. and ERT Services, Inc. (hereinafter

19 "Defendants" or "ERT") hereby answer Plaintiff Nancy Sack's unverified complaint

20 ("Complaint") as follows:

21                           **GENERAL DENIAL**

22      Pursuant to California Code of Civil Procedure Section 431.30(d), Defendants deny each

23 and every allegation contained in Plaintiff's unverified Complaint.

24                        **AFFIRMATIVE DEFENSES**

25      By way of affirmative defense to the allegations of the Complaint, Defendants allege as

26 follows:

27                    **FIRST AFFIRMATIVE DEFENSE**

28      The Complaint, and each purported cause of action alleged therein, fails to state facts

                                        1

ANSWER TO COMPLAINT                                    Case No.  CGC-13-536178

1  sufficient to constitute a cause of action against Defendants.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred in whole or in part on the grounds that, as to each and every purported oral, written, implied or other agreement alleged therein, one or more conditions precedent were not satisfied or fulfilled.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred in whole or in part on the grounds that the terms of the alleged contracts that Plaintiff seeks to enforce were properly and justifiably terminated, modified, withdrawn, and/or rescinded by Defendants before the contract was accepted, had accrued, became vested, or had been performed.

## FOURTH AFFIRMATIVE DEFENSE

Any recovery on Plaintiff's Complaint for breach of contract and each cause of action set forth therein is barred in whole or in part on the grounds that Defendants fully performed all of their obligations under any alleged contract.

## FIFTH AFFIRMATIVE DEFENSE

Defendants allege, on information and belief, that the Complaint, and each purported cause of action contained therein, are barred by the doctrine of novation.

## SIXTH AFFIRMATIVE DEFENSE

Defendants allege, on information and belief, that the Complaint, and each purported cause of action contained therein, are barred by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants allege, on information and belief that the Complaint, and each purported cause of action alleged therein, is barred to the extent Plaintiff comes to this Court with unclean hands in that Plaintiff violated Defendants' policies.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants allege, on information and belief that the Complaint, and each purported cause of action alleged therein, is barred to the extent Plaintiff is estopped by her own conduct to claim

2

ANSWER TO COMPLAINT                                Case No. CGC-13-536178

any right to damages or any relief against Defendants in that Plaintiff violated Defendants' policies.

### NINTH AFFIRMATIVE DEFENSE

Defendants allege, on information and belief that the Complaint, and each purported cause of action alleged therein, is barred by the doctrine of waiver.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering any damages for lost wages, or any recovery for lost wages must be reduced, if and to the extent that Plaintiff failed to exercise reasonable diligence to mitigate her alleged damages, if any.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendants allege, on information and belief that the Complaint, and each purported cause of action alleged therein, is barred by the doctrine of after-acquired evidence, or the doctrine of after-acquired evidence limits or reduces Plaintiff's recovery of alleged damages.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's second cause of action for breach of written contract fails because conditions subsequent to enforcement did not occur.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's second cause of action for breach of written contract fails because any performance by Defendants was excused by Plaintiff's actions.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's second cause of action for breach of written contract fails and all claims dependent on that contract, fails because there was no meeting of the minds on all necessary and material terms of any purported oral, written or implied agreement between Plaintiff and Defendants.

### FIFTEENTH AFFIRMATIVE DEFENSE

Any recovery as sought in Plaintiffs' Prayer for Relief for statutory penalties pursuant to the California Labor Code is barred because Defendants complied in good faith with all applicable provisions of the California Labor Code and the Wage Orders of the California

ANSWER TO COMPLAINT                                    Case No. CGC-13-536178

1  Industrial Welfare Commission.

2  ### SIXTEENTH AFFIRMATIVE DEFENSE

3  Any recovery by Plaintiff is barred by California Labor Code section 2856 in that Plaintiff

4  failed to comply with all directions of Defendants concerning her employment.

5  ### SEVENTEENTH AFFIRMATIVE DEFENSE

6  Because Plaintiff's Complaint is couched in broad and conclusory terms, Defendants

7  cannot fully anticipate all defenses that may be applicable to the instant action.  Accordingly, the

8  right to assert additional defenses, if and to the extent that such defenses are applicable, is hereby

9  reserved.

10  ### RELIEF REQUESTED

11  WHEREFORE, Defendants pray as follows:

12  1.  That Plaintiff takes nothing herein;

13  2.  For reasonable attorneys' fees;

14  3.  For Defendants' costs of suit incurred herein; and,

15  4.  For such other and further relief as the court deems just and proper.

16

17  Dated: January 15, 2014                JACKSON LEWIS P.C.

18

19                              By:

20                                     Robert M. Pattison
                                       Rebecca Benhuri
21                                     Attorneys for Defendant
                                       eRESEARCH TECHNOLOGY, INC. and
22                                     ERT SERVICES, INC.

23

24

25

26

27

28

ANSWER TO COMPLAINT                                          Case No.  CGC-13-536178

1

**PROOF OF SERVICE**

2      I, Marilou R. Barairo, declare that I am employed with the law firm of Jackson

3   Lewis P.C., whose address is 50 California Street, 9th Floor, San Francisco, California 94111-

4   4615; I am over the age of eighteen (18) years and am not a party to this action.

5      On January 16, 2014,  I served the attached **DEFENDANTS ERESEARCH**

6   **TECHNOLOGY, INC. AND ERT SERVICES, INC.'S ANSWER TO UNVERIFIED**

7   **COMPLAINT**, in this action by placing a true and correct copy thereof, enclosed in a sealed

8   envelope addressed as follows:

| | |
|---|---|
| Robert S. Aaron, Esq.<br>Thomas C. Wilson, Esq.<br>AARON & WILSON, LLP<br>150 Post Street, Suite 400<br>San Francisco, CA 94108<br>Tel (415) 438-7800<br>Fax (415) 438-7808<br>rsaaron@aaron-wilson.com<br>tcwilson@aaron-wilson.com | *Attorneys for Plaintiff* |

9

10

11

12

13

14   **[ X ]     BY MAIL:  United States Postal Service** by placing sealed envelopes with the postage

15            thereon fully prepaid, placed for collection and mailing on this date, following
            ordinary business practices, in the United States mail at San Francisco, California.

16            [( ) *Courtesy copy by fax.*]

17   [ ]     BY HAND DELIVERY:  I caused such envelope(s) to be delivered by hand to the above
            address.

18

19   [ ]     BY OVERNIGHT DELIVERY:  I caused such envelope(s) to be delivered to the above
            address within 24 hours by overnight delivery service.

20

21   [ ]     BY ComplaintSIMILE:  I caused such document to be transmitted by facsimile from our
            fax number (415) 394-9401 to the fax number indicated above (by written agreement,
            confirming letter dated and signed MM/DD/YY).

22

23   [ ]     BY ELECTRONIC TRANSMISSION:  I caused such document(s) to be electronically
            transmitted to the above email address

24

25      I declare under penalty of perjury under the laws of the State of California that the above
   is true and correct.

26      Executed on January 16, 2014, at San Francisco, California.

27

28                                        *Marilou R. Barairo*
                                        Marilou R. Barairo

PROOF OF SERVICE                                    Case No.  CGC-13-536178